**In re CAUNT.\***

Patent Appeal No. 3562.

Court of Customs and Patent Appeals.

Feb. 3, 1936.

Byrnes, Stebbins & Blenko, of Pittsburgh, Pa. (William H. Webb and William H. Parmelee, both of Pittsburgh, Pa., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

\*Rehearing denied March 23, 1936.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner rejecting all the claims of an application for patent entitled "Process for the Low Temperature Carbonization of Coal." There are sixteen claims numbered 21 to 23, inclusive, and 28 to 40, inclusive. All are method claims. No. 21 illustrates the subject-matter generally. It reads: "21. In the process of carbonizing solid carbonizable material in a retort, the steps comprising supplying the material to the retort, applying heat thereto at such temperature and moving the retort relative to the material at such speed as to carbonize the material and to form a core of adherent coked material extending throughout a substantial portion of the length of the retort and independent of the retort wall."

There is a limitation in certain of the claims respecting the breaking of coke material from one end of the core. This is illustrated by claim 22, reading as follows: "22. In the process of carbonizing solid carbonizable material in a retort, the steps comprising supplying the material to the retort, applying heat thereto and moving the retort about a longitudinally extending axis at a speed and under temperature conditions which will carbonize the material and form a core of adherent coked material independent of the retort wall, said core extending throughout a substantial portion of a dimension of the retort and breaking off coked material from one end thereof."

In claim No. 39 there is found a limitation respecting temperature. This claim reads: "39. The process of carbonizing solid carbonizable material in a rotatable drum, which comprises feeding the material to the drum, carbonizing the material by heating it to a temperature between 900° and 1300° F. for effecting distillation of the volatile materials, and rotating the drum about a longitudinally extending axis, the speed of rotation of the drum and the temperature being controlled to form a core of adherent coked material independent of the drum wall, said core extending throughout a substantial portion of the length of the drum."

The references cited are: Bechler, 955,310, April 19, 1910; Pyzel, 1,562,723, November 24, 1925; Wisner, 1,756,896, April 29, 1930; Huth et al. (Ger.) 378,531, July 18, 1923.

Without entering into a detailed analysis of these references, it seems sufficient at this point to say broadly that the Beehler, Pyzel, and Wisner patents relate to processes for producing coke in the form of balls, lumps, or marbles. The German patent to Huth et al. relates to apparatus for the production of a solid semicoke, apparently in cake form. It contains teachings as to temperature and the breaking off of portions of the coke. This reference is not specifically referred to in the decision of the Board, except that it is mentioned as one of the references relied upon by the Examiner, and it was not overruled.

The rejection of the Examiner was based upon several grounds, some of which were overruled by the Board. The principal ground relied upon by the latter, which also was relied upon by the former, is that the claims do not set forth a procedure or conditions for producing a coke core essentially different from the teachings of certain of the patents, that to Wisner being the principal one, for the production of coke balls.

The Wisner patent discloses a process of producing coke in the form of balls as a residual of low temperature carbonization of high volatile coals. The coal is crushed and fed from a hopper into a first retort and then into a second retort; both retorts being rotated. Extraneous heat may be supplied from a furnace, and it is taught that "the temperature of the walls of the carbonizing container may be maintained at about 900° F." Of the results obtained, the Wisner patent says that the coal " * * * immediately begins to form into small agglomerating chunks which by the continuous tumbling on the steel walls are automatically formed and eroded into round balls."

At the hearing before us the major argument on behalf of appellant related to the broad feature present in all the claims and expressed in that part of claim 21, which reads: " * * * Applying heat thereto at such temperature and moving the retort relative to the material at such speed as to carbonize the material and to form a core of adherent coked material extending throughout a substantial portion of the length of the retort and independent of the retort wall."

"This step," says the brief on behalf of appellant, "is the principal characterizing feature of the invention."

It seems to us, as it evidently did to the tribunals of the Patent Office, that appellant makes his steps dependent upon the result obtained rather than the result dependent upon the steps. In no one of his claims is there recited a speed of rotation, and in only claim 39 is any specific temperature mentioned.

The claims teach nothing more than that to obtain a certain result heat must be supplied at some temperature and the retort rotated at some speed. Supplying *some* temperature to material and rotating the retort at *some* speed is old in the art. At most, appellant only teaches a different result. He obtains a coke product in the form of a core, where others obtain it *in* the form of balls.

When appellant's result is disregarded and his steps alone are looked to, the claims which, as so often has been declared, constitute the measure of the invention, teach the art nothing new.

If appellant does produce something different from the article produced by Wisner's process, it would seem, as is, in effect, said by the Board, that it must be due to some step different from Wisner's steps. Had appellant disclosed and *claimed* such a step, a different question would be presented, but no such step, as a step, is claimed.

Reduced to the final analysis, the case presents itself to us as though one were saying to the public: "If you would obtain a core of coke of the kind described, apply the proper temperatures and rotate the retort at the proper speeds; you must determine for yourself what are proper temperatures and proper speeds. At least, I do not, in my claim, teach or disclose them. I have found that the result can be obtained, however, and I claim a method patent based upon that result without claiming any step, which, as a step, I distinguish from those steps already taught and used by others in producing coke in a different form."

It is not meant to suggest that there is anything improper in stating the result in the claims, but we do not think the public may properly be remitted solely to the result, in order to determine what the actual and decisive step or steps may be.

Whether one skilled in the art could so determine we do not undertake to say, but, should such be the case, then it is not improper to remark that invention would seem to be lacking.

The brief on behalf of appellant makes allusion to the fact that in the specification there is a recitation about the drum or retort being rotated, in practice, at 15 revolutions per minute, and we are cited to a line of cases in which, in passing upon the validity of claims, different courts, including the Supreme Court of the United States, have upheld the validity of claims where certain specific features mentioned in the specifications were not embodied in the claims themselves. Smith v. Snow et al., 294 U.S. 1, 55 S.Ct. 279, 79 L.Ed. 721; Buckeye Incubator Co. et al. v. Wolf (D. C.) 291 F. 253; United Verde Copper Co. v. Pierce-Smith Converter Co. (C.C.A.) 7 F.(2d) 13; Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523; Deering v. Winona Harvester Works, 155 U.S. 286, 15 S.Ct. 118, 39 L.Ed. 153.

Those cases have received our attention, but we do not find them helpful to appellant in this proceeding.

This is a proceeding to obtain a patent, and not one to test the validity of a patent already granted. The question here is not one of infringement, but one of whether the claims distinguish from the prior art in a manner which makes proper the grant of a patent.

Section 4888, R.S., as amended, 35 U.S. C.A. § 33, provides that the inventor shall not only file "a written description" of his invention and discovery, but that "he shall particularly point out and *distinctly claim* the part, improvement, or combination which he claims as his invention or discovery." (Italics ours.)

As has been indicated, the only actual *steps* here emphasized (the result being disregarded, as we think it must be) which appellant "distinctly claims" are the broad steps of applying temperature, and rotating the retort at some speed (not defined except as it may be implicit in the disregarded result), and these are steps old in the art. Wisner shows both of them broadly, and as to the one specific range of temperature mentioned in claim 39, supra—"between 900° and 1300° F."—Wisner shows a heating up to 900°, and perhaps 1000°, and we think there is no error in the Board's holding, under the disclosures here

made, that the proposed change would be a matter of degree and does not amount to a patentable distinction.

With regard to the limitation in certain of the claims, expressed in claim 23, supra, respecting the "breaking off coked material from one end thereof," it is argued for appellant, in effect, that, since Wisner does. not form a core, he necessarily does not teach breaking off material from the core end. This is true, of course, but, in our opinion, there is no error in the Board's holding that *"as a step in a process \* \* \* it is not distinguished over the tumbling and erosion into round balls of the Wisner patent."* (Italics ours.)

We have examined other limitations which counsel for appellant, although placing no particular stress upon them, have pointed out in their brief. We do not find anything expressed in them which seems to lend patentability.

There has been noted the argument that some of the reference patents, Beehler in particular, contain claims partaking of the nature of the claims here on appeal in respect to their breadth, and particularly in respect to the process being determinable by the result.

We feel that patentability cannot be imparted to the claims before us by comparing them with claims which may have been of similar character that were allowed in other applications. To so administer the patent laws would probably lead to great uncertainty and confusion. Those claims may or may not have been properly allowed. It is not for this court to determine. It is sufficient here to say that, in our opinion, for the reasons stated, the claims at issue were properly disallowed.

The decision of the Board of Appeals is affirmed.

Affirmed.